MARCUS, Justice.
Barbara Mays, Mary K. Noto and Betty D. May were charged by separate informa-tions with falsifying information on racing license applications in violation of La.R.S. 14:118.2. Defendants filed separate motions to quash the informations on the grounds that the statute was not applicable to them and, alternatively, the statute was unconstitutional. Judge Miriam G. Waltzer (83-KA-1237) and Judge Frank A. Marullo, Jr. (83-KA-2052 and 83-KA-2053) granted the motions to quash the informations, finding La.R.S. 14:118.2 unconstitutionally vague. The state appealed to this court under the authority of La. Const, art. 5, § 5(D).
Defendants applied for work at the Fair Grounds Racetrack in New Orleans in November and December of 1982.[1] Mays sought a job as a cook, Noto as a “stand girl” (selling candy, cigarettes and soft drinks), and May as a nurse. Each appli *1196 cant signed an “APPLICATION FOR LICENSE,” which is a pre-printed form provided by the Louisiana State Racing Commission. On lines 12 and 14, the applicant certified that she had neither been convicted of a felony nor been arrested or indicted. Pursuant to a review of applications for licenses by the state police, it was discovered that, contrary to defendants’ assertions on the applications, Mays had been arrested and convicted and Noto and May had been arrested. Because of these alleged false statements, they were arrested and charged with falsifying a racing license application.
Judge Waltzer granted Mays’ motion to quash. She “seriously questioned” whether the statute applied to a cook and held that it was unconstitutionally vague on its face. Judge Marullo granted Noto’s and May’s motions to quash. He also questioned whether the statute was intended to apply to a “stand girl” or nurse. Consequently, he held the informations should be quashed on the grounds that the statute was inapplicable to defendants and was unconstitutionally vague. It is from these rulings that the state has appealed to this court.
Falsifying a racing license application was made a criminal offense by the enactment of La.R.S. 14:118.2, effective September 10, 1982. This statute provides:
Falsifying information on racing license applications
A. Falsifying racing license applications is the intentional falsification of any information required on an application for a Louisiana racing license.
B. Whoever commits the crime of falsifying racing license applications shall be fined not more than five hundred dollars, or imprisonment for not more than six months, or both.
Our initial inquiry is whether defendants’ alleged conduct is a crime under La.R.S. 14:118.2. The state contends the phrase “racing license” means any license issued by the Louisiana State Racing Commission. Since defendants’ applications were for licenses from the commission, they were “racing license applications” within the meaning of La.R.S. 14:118.2. On the other hand, defendants contend “racing license” was intended to encompass only those licenses issued by the commission to those who are involved in the actual conduct of racing. Since a nurse, “stand girl” and cook are not directly connected with racing, the applications for these jobs are not applications for racing licenses. We agree.
It is conceded that defendants’ applications were for licenses from the commission, but the crucial question is whether these licenses are “racing licenses.” The phrase “racing license” is not defined in the Louisiana Criminal Code (La.R.S. 14:1-513), the laws regulating horse racing (La. R.S. 4:141-197), or the Louisiana State Racing Commission’s rules of racing (LAC 11-6:1-57). The criminal code’s only reference to “racing license” is in La.R.S. 14:118.2, which only uses the phrase but does not define it. The provisions of the revised statutes dealing with horse racing contain a definitions section and a detailed regulatory scheme, but they do not define “racing license.” Section 143 of Title 4 defines three types of persons who are licensed by the commission: an “association” is any person licensed by the commission to conduct horse racing for any stakes, purse or reward (the Fair Grounds is one of the six racing associations in the state); a “licensee” is any person who receives a license, permit or privilege from the commission to conduct races during a designated period; and, a “permittee” is any person who receives a license, permit or privilege from the commission to engage in a business on the premises of an association. Since defendants sought licenses to engage in a business on the premises of the Fair Grounds, they are probably classified as permittees. They are further classified by LAC 11-6:14.17 as “miscellaneous employees of an Association” who, according to La.R.S. 4:169, “may be licensed” and who, according to LAC 11-6:14.17, “shall be licensed” (emphasis added). Hence, a comprehensive analysis of these three bodies of laws reveals that “racing license” has not *1197 been defined and that defendants, who are classified both as “permittees” and “miscellaneous employees,” were required to obtain merely a “license” from the Louisiana State Racing Commission.
Absent a statutory directive, we are unable to equate a license issued to a nurse, “stand girl” or cook with a racing license merely because the license has been obtained from the Louisiana State Racing Commission. According to La.R.S. 14:3, this court is required to give - La.R.S. 14:118.2 a “genuine construction, according to the fair import of [its] words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.” Using this standard, a “racing license” can not be interpreted to include a license for a job as a nurse, “stand girl” or cook. Hence, the alleged facts do not constitute the crime of falsifying a racing license application. Accordingly, the motions to quash the informa-tions were correctly granted on the ground that La.R.S. 14:118.2 is not applicable to defendants. Because of this holding, we do not reach the constitutionality of the statute and reverse the rulings of the trial judges declaring the statute unconstitutionally vague for this reason.
DECREE
For the reasons assigned, the rulings of the trial judges declaring La.R.S. 14:118.2 unconstitutional are reversed, and the judgments granting defendants’ motions to quash are affirmed.

. Due to the procedural posture of this case, the alleged facts have been drawn from the bills of information, bill of particulars, parties’ briefs to the trial courts and this court, and counsels' arguments before the trial court and this court.